UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA MARIE CLYMER,

      Plaintiff,

v.                                                   CASE No. 8:11-cv-1182-T-23MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of an administrative decision denying her claims for period of disability, disability insurance benefits, and Supplemental Security Income. 42 U.S.C. §§ 405(g) and 1383(c)(3).[1] She raises two interrelated issues: did the administrative law judge ("ALJ") appropriately reject her pain testimony and was his exclusive reliance on the "grids" proper. After consideration, I find the Commissioner followed the regulatory scheme with substantial evidence.[2]

    *A. Background*

Plaintiff, who was 46 years old at the time of her administrative hearing, has a high school education. She has no recent work history, although apparently has some relevant experience as a

---

[1] This matter is referred to me per Local Rule 6.01(c)(21).

[2] The standard of review here is limited to determining if the Commissioner's findings are supported by substantial evidence and whether the Commissioner's ultimate conclusions are legally correct. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). "Substantial evidence" consists of "relevant evidence as a reasonable person would accept as adequate to support a conclusion." *See* 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Notably, a reviewing court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against his decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

cashier. She says she has been disabled since October 1, 2006 (she filed for disability benefits and SSI in February 2007) due to fibromyalgia, degenerative disc disease, and an anxiety disorder. The ALJ found these impairments severe and prohibited her from performing her prior work, which he classified at the light level. Nonetheless, based on her medical record and the opinion of a state agency medical consultant, the ALJ concluded she possessed the residual functional capacity to perform a wide range of sedentary work.³ At step five of the sequential analysis the ALJ consulted the "grids" and determined the Plaintiff was not disabled (R. 14-22). 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2, Rule 201.27 and Rule 201.21.⁴

   *B. Discussion*

"Exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual level *or* when a claimant has nonexertional impairments that significantly limit basic work skills." *Phillips v. Barnhart,* 357 F.3d 1232, 1242 (11th Cir. 2004) (emphasis in original) (quoting *Francis v. Heckler,* 749 F.2d 1562, 1566 (11th Cir.

---

   ³ The regulations define sedentary work as: "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *See* 20 CFR §§ 404.1567(a), 416.967.

   ⁴ The regulations set out a "sequential evaluation process" to determine disability. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Accordingly, the ALJ determines the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

1985)). Had the ALJ credited the Plaintiff's pain and nonexertional testimony, a vocational expert would have been warranted under this standard. However, because the ALJ rejected the Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments to the extent it was inconsistent with the work level requirements for sedentary work, the appropriateness of the ALJ's decision to rely exclusively on the grids is dependent on whether he supported his rejection with substantial evidence using the correct regulatory perspective.

Notably, the ALJ explicitly listed the correct standard and evaluated the Plaintiff's nonexertional impairments against those requirements. *See* R. 18-19.[5] And the ALJ's findings are reasonably supported by substantial evidence, as the Commissioner now argues. For example, the ALJ noted that the clinical and diagnostic tests of the Plaintiff's neck , back, and heart showed no significant abnormalities. Moreover, the Plaintiff's minimal treatment undermined her allegations of disabling impairments, as the Commissioner points out. Indeed, the record fails to show any extensive treatment relating to the Plaintiff's fibromyalgia and arthritis.[6] And the Plaintiff's account

---

[5] The regulations dictate the ALJ consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 416.928. "Other evidence" includes evidence from medical sources, medical history, and statements about treatment the claimant has received. 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The Eleventh Circuit's pain standard incorporates this scheme by requiring: evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote*, 67 F.3d at 1561.

[6] Per the American College of Rheumatology, "[f]ibromyalgia is a clinical syndrome defined by chronic widespread muscular pain, fatigue and tenderness … Unfortunately, there are no what are called 'objective markers' – evidence on X-rays, blood tests or muscle biopsies for this condition,

3

of her daily activities supported his findings. Lastly, the ALJ reasonably relied on the conclusions of a state agency medical consultant (Dr. Le) who opined the Plaintiff possessed the residual functional capacity to perform the limitations of light work, a more demanding performance level than the one the ALJ applied at step five of the analysis. Since the ALJ's findings as to the Plaintiff's residual functional capacity are supported by substantial evidence, the ALJ appropriately relied upon the grids to determine the Plaintiff not disabled.

*C. Conclusion*

For all the above reasons and those cited by the Commissioner in support of his decision (doc. 17), it is hereby recommended that the Plaintiff's complaint be dismissed, the Commissioner's decision affirmed, and the Clerk directed to enter judgment for the Commissioner.

IT IS SO REPORTED at Tampa, Florida on June 12, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

---

so patients have to be diagnosed based on the symptoms they are experiencing." *See* www.rheumatology.org/public/factsheets/diseases_and_conditions/fibromyalgia.asp. The Circuit recognizes this science, and requires an ALJ to support any rejection of a claimant's pain complaints with acceptable evidence. *Moore v. Barnhart,* 405 F.3d 1208, 1211-1212 (11th Cir. 2005) (although fibromyalgia lacks objective signs, substantial evidence supported the ALJ's findings that the daily activities of a plaintiff who suffered from fibromyalgia were inconsistent with her pain testimony).

cc: Hon. Steven D. Merryday
    Counsel of Record